## THORPE v. WILKS.

### No. 2431.

Court of Civil Appeals of Texas. Eastland.

Dec. 17, 1943.

1020

L. H. Welch, of Breckenridge, for appellant.

Frank Sparks, of Eastland, for appellee.

LESLIE, Chief Justice.

Ed Thorpe sued Mrs. Bessie Wilks, a widow, to recover the possession of a 1941 model DeLuxe Ford sedan automobile. The defendant entered a special denial and affirmatively alleged her ownership and right to the possession of the car. The trial before the court without a jury resulted in a judgment against the plaintiff, and he appeals.

By power of attorney, signed by defendant and other heirs of M. E. Thorpe, deceased, the plaintiff was authorized to take charge of and wind up the estate of said M. E. Thorpe, who died November 22, 1940. The estate needed no administration.

Mrs. Wilks asserted title to the car through her mother, Mrs. Mary E. Thorpe. She alleged that M. E. Thorpe, deceased, prior to his death, gave the car, or his interest therein, to his mother, Mrs. Mary E. Thorpe, with the request that at her death she give the car to his sister (the defendant), who was taking care of the mother and who was to aid her in the use of the car wherever and whenever she cared to go; that, in order to carry out the wishes of the deceased's son, the mother, Mary E. Thorpe, conveyed and gave the car to the defendant, with such understanding and that defendant has and does fulfill such agreement with the mother.

The trial court filed findings of fact and conclusions of law covering every phase of the case. Among them the court found that on or about October 29, 1940, M. E. Thorpe, deceased, and his mother, Mary E. Thorpe, purchased jointly from the Leveille Motor Company the car in controversy, each paying a portion of the purchase price, with the car taken in the name of M. E. Thorpe "and license secured under said name."

That "shortly before the death of * * * M. E. Thorpe he verbally assigned his interest in the automobile * * * to his mother, Mrs. Mary E. Thorpe, and at the time expressed the desire that at her death the title to the automobile should be vested in the defendant, Mrs. Bessie Wilks."

"That after the death of said M. E. Thorpe the automobile has been in the possession of the mother, Mrs. Mary E. Thorpe and defendant, Mrs. Bessie Wilks."

"That after the death of M. E. Thorpe, Mrs. Mary E. Thorpe by gift transferred title of the said automobile to Bessie Wilks and during the month of January 1941 (2), with the knowledge and consent of Mrs. Mary E. Thorpe, certificate of ownership of the automobile in controversy was issued by the State Highway Department to the defendant, Bessie Wilks, who has retained possession of the same since said date; that the said automobile has been kept in a convenient place for the use and benefit of Mary E. Thorp at all times since certificate of ownership was delivered to Mrs. Bessie Wilks."

"That the evidence offered in this case fails to show that the certificate of title held by the defendant, Bessie Wilks, was obtained illegally or without lawful authority and fails to show that the defendant's possession of said automobile is unlawful."

Following such conclusions of fact, the trial court concluded as a matter of law: "That by reason of the transfer of the ownership of the said automobile by gift from M. E. Thorpe before his death to Mary E. Thorpe, and after the death of said M. E. Thorpe, the transfer by gift from Mary E. Thorpe to defendant Bessie Wilks, and the delivery to the defendant, Bessie Wilks, of the certificate of ownership, I find that the defendant, Bessie Wilks, is the legal owner of the automobile in controversy and entitled to retain possession of same."

After careful reading and consideration of the statement of facts, we are of the opinion the findings of fact are amply supported by testimony and the conclusions of law warranted.

While on the witness stand, Bessie Wilks testified she was present when her mother and M. E. Thorpe purchased the car in controversy and that her mother paid as her part by check in the amount of $300, or thereabouts. This was later objected to on the ground that the proper predicate had not been laid for the introduction of secondary testimony, the check not been produced or accounted for. This testimony went in without objection till later, and then no motion to exclude was made. Further, the trial was before the court and there is no certificate that the court gave any effect to the testimony. In any event there was other and independent evidence supporting his conclusions. No material error is shown.

Due to the date of the material transactions involved, Art. 1436—1, Ver-

non's Ann. Penal Code of Texas, has no application to the facts of this case. For the reasons assigned, the judgment of the trial court is affirmed.